# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: November 17, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| ERICA FESTER, parent of | * | |
| B.A.B., a minor, | * | |
| | * | No. 10-243V |
| Petitioner, | * | |
| | * | |
| v. | * | Chief Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Reasonable Amount to Which |
| | * | Respondent Does Not Object. |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | * | |

<u>Peter Joseph Sarda</u>, Creech Law Firm, Raleigh, NC, for petitioner;
<u>Voris Edward Johnson</u>, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION[1]

On April 15, 2010, Erica Fester ("petitioner") filed a *pro se* petition for compensation on behalf of her minor child, B.A.B., under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 <u>et seq</u>. (2012) ("the Program").[2] Petitioner alleged that B.A.B. suffered from encephalopathy and other injuries as a result of the combined measles, mumps, rubella, and varicella ("MMRV" or "Proquad") vaccine that he received on April 18, 2007. Petition at ¶ 5. On April 7, 2016, the undersigned issued a decision dismissing the case, finding that petitioner failed to meet her preponderant burden.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act").

On November 16, 2016, petitioner filed an Unopposed Motion for Attorneys' Fees and Costs.  Unopposed Motion ("Pet'r's Mot.") dated November 16, 2016 (ECF No. 90).  According to this motion, respondent does not object to a total award of attorneys' fees and costs in the amount of $25,000.00.  Id. at 2.  In accordance with General Order #9, petitioner stated that she was responsible for paying the filing fee in this case.  Id.  However, a closer look at the docket reveals that on April 15, 2010, petitioner filed a Motion for Leave to Proceed *in forma pauperis*, which was granted on June 4, 2010.  Order dated June 4, 2010 (ECF No. 7).  Thus, petitioner will not be compensated for the filing costs.

On November 16, 2016, respondent filed a brief response to petitioner's motion for attorneys' fees.  Respondent's Response dated Nov. 16, 2016 (ECF No. 91).  Respondent stated that she "[did] not object to the overall amount sought, as it is not an unreasonable amount to have been incurred for proceedings in this case to date." Id. at 1.[3]

The Vaccine Act permits an award of reasonable attorneys'' fees and costs.  42 U.S.C. § 300aa-15(e).  Based on the reasonableness of petitioner's request and respondent's lack of objection to petitioner's fee request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, an award should be made in the form of a check payable jointly to petitioner, Erica Fester, and petitioner's attorney, Peter Joseph Sarda of Creech Law Firm, in the amount of $25,000.00.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[3] Respondent stated that her lack of objection should not be construed as an admission, concession, or waiver with regard to petitioner's counsel's hourly rate, the number of hours billed, or other litigation costs.  Id. at 1.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.